ELI PECK *et al.*

*v.*

JAMES HERRINGTON.

*At Ottawa, September Term, 1882.*

APPEAL—*in suit to restrain threatened injury to land.*   In the case of a suit in chancery to restrain the defendant from inflicting a threatened injury upon the land of complainant, as, in the matter of opening a ditch upon the land of defendant, through which the water in certain ponds, also on the land of defendant, would be discharged upon the land of complainant, an appeal will lie from a judgment of the Appellate Court to this court.   Such a suit is not for the recovery of money, and does not fall within the category of cases in which a right of appeal is made to depend upon the amount in controversy.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Kane county.

Herrington exhibited his bill in chancery in the circuit court, against Peck and Booth, by which it was sought to enjoin the defendants from opening a ditch on their own lands, through which the water of certain ponds on the lands of defendants would be discharged upon the lands of complainant.   The circuit court dismissed the bill. . On appeal to the Appellate Court, that court found the facts differently from the circuit court, in respect to the threatened injury to

the lands of complainant, which would result from the opening of the ditch on defendants' land, and reversed the decree dismissing the bill, directing the circuit court to enter a decree in conformity to the finding and opinion of the Appellate Court. From the judgment of the Appellate Court the defendants appealed to this court, and now the appellee moves to dismiss this appeal, upon the ground that it does not appear from the record that the amount in controversy is $1000.

Mr. B. C. COOK, for the motion, contended that while the bill was only for an injunction to prevent a threatened injury to lands, yet the extent of the injury so sought to be prevented was susceptible of direct proof, and the record should show the amount in controversy, in order that this court might be informed as to the right to maintain this appeal. In the absence of such showing the appeal ought to be dismissed.

Mr. CHARLES WHEATON, *contra.*

MULKEY, J.: This was not a suit for the recovery of money, but simply to restrain a person from inflicting a threatened injury on the appellee's land. It does not fall within the category of any of those cases in which a right of appeal is made to depend upon the amount in controversy. The case falls within the residuary clause of the 8th section of the Appellate Court act, (Sess. Laws 1877, 70,) which gives the right of appeal from the Appellate Court to this court "in all other cases" not embraced in the enumeration in the preceding part of that section. We think the appeal will lie.

*Motion denied.*